```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE   NO.   09-60522-CIV-COHN
                                    MAGISTRATE JUDGE P.A. WHITE

ROOSEVELT JOHNSON,              :

        Plaintiff,              :     SUPPLEMENTAL REPORT
                                      OF MAGISTRATE JUDGE
v.                              :

CITY OF FORT LAUDERDALE,
ET AL.,                         :

        Defendants.             :
_____
```

## I. Introduction

The plaintiff Roosevelt Johnson, currently housed at the Calhoun Correctional Institution, has filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 13]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 6].

A party may amend the original pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). No responsive pleading has been filed in this case, and the plaintiff's amended complaint should be accepted as filed. This amended complaint, however, is subject to an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

>   (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>   \* \* \*
>
>   (B) the action or appeal –
>
>   \* \* \*
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the

language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

3

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

A.  Statement of Claims

In the original complaint, the plaintiff names the following defendants:

1. City of Fort Lauderdale
2. City of Fort Lauderdale Police Department
3. City of Fort Lauderdale Police Detective Moceri
4. City of Fort Lauderdale Police Detective Smith
5. City of Fort Lauderdale Police Detective Gaffey
6. City of Fort Lauderdale Police Sergeant Swisher

The case is now proceeding against the four officers. [DE# 14]. The plaintiff now seeks to amend. The amended complaint raises the same allegations against the four officers, that on April 23, 2009 the defendant police officers engaged in excessive force upon his arrest and failed to intervene to stop the use of force. He claims that he suffered severe physical injuries and he did not resist arrest. The amended complaint also seeks to add a pendent claim of assault and battery. He seeks monetary damages and other relief.

B.  Analysis

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop,

or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard.  <u>Graham v. Connor</u>, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

The plaintiff has stated sufficient facts under the <u>Twombly</u> or any "heightened pleading" standard so that the case should proceed against the defendant officers, Gaffey, Moceri, Smith and Swisher, on the Fourth Amendment and pendent state law claims.

### III.  <u>Recommendation</u>

Based on the foregoing, it is recommended that the Amended Complaint [DE# 13] be the Operative Complaint and proceed on the claim of excessive force under the Fourth Amendment and pendent state claims against the defendants Gaffey, Moceri, Smith and Swisher in their individual capacities.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 26th day of May, 2009.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

```
cc:     Roosevelt Johnson, Pro Se
        No. 655599
        Calhoun Correctional Institution
        19562 S.E. Institutional Drive, Unit 1
        Blountstown, FL 32424
```